UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
"IN ADMIRALTY"

WORLD FUEL SERVICES EUROPE, LTD.
d/b/a TRANS-TEC,

    Plaintiff,

vs.

VERGINA I SHIPPING LTD.,

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff World Fuel Services Europe, Ltd. d/b/a Trans-Tec ("Trans-Tec") by and through undersigned counsel to hereby file its claim against Defendant Vergina I Shipping Ltd. ("Owner") as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Court has jurisdiction pursuant to 28 U.S.C. §1333.

2. Plaintiff is a company organized under the laws of the United Kingdom with an address at 8th Fl. 82 Buckingham Gate, London SWIE 6AJ UK and an office through its indirect parent World Fuel Services Corporation, a Florida corporation at 9800 N.W. 41 Street, Miami, FL 33178.

3. Defendant Vergina I Shipping, LTD. is the registered owner of the ocean-going cargo vessel KONSTANTINOS D.

4. Trans-Tec sells and supplies fuel oil and lubricants to ocean going cargo vessels.

5. Trans-Tec and the Defendant, through its apparent agent Charterer, entered into a contract.

6. Therein, the parties agreed "the following terms of sale and supply shall constitute the General Terms and Conditions ("General Terms") of the World Fuel Services Corporation Marine Group of companies (collectively, "World Fuel Services") headquartered at 9800 N.W. 41st Street, Suite 400, Miami, Florida 33178, which includes, but is not limited to World Fuel Services Europe, Ltd."

7. As such, World Fuel Services Europe, Ltd. has an office in the State of Florida.

8. Further, pursuant to the agreed Terms and Conditions "(a)ny individual bunker transaction not requiring cash in advance shall require credit approval by Seller's Credit Department in Miami, Florida," "…it is agreed that contract formation has occurred in Florida," and "(c)laims, notices and other communications hereunder shall be in writing and shall be mailed via certified or registered mail or by overnight courier to the attention of the particular Seller in each Transaction at the following address: 9800 N.W. 41st Street, Suite 400, Miami, Florida 33178." Sections 7(b) and 15(a) of the Terms and Conditions.

9. As such, this transaction has a substantial and certainly a reasonable relation to Florida.

10. The transaction was in excess of $250,000.00.

11. As such, under Fla. Stat. § 48.193(9) the Defendant is subject to the Court's personal jurisdiction.

12. Further, the parties agreed to consent to the jurisdiction of this Court by virtue of the terms and conditions it agreed to when it ordered bunkers from the Plaintiff

under Paragraph 17 of the General Terms and Conditions that "Disputes over payment and collection may be resolved, at Seller's option, in the Florida courts…." and that the Defendant "irrevocably submits to the jurisdiction of … such court."

13. Venue lies in the Southern District of Florida per the Terms and Conditions of the maritime contract agreed to by the parties.

14. As such, this Court is the proper venue and the Court has subject matter jurisdiction over the issues and personal jurisdiction over the parties.

## GENERAL ALLEGATIONS OF FACT

15. The Owner made a representation to the world, including the Plaintiff, when it relinquished control of its Vessel to its charterer Copenship Bulkers A/S which entitled the Plaintiff to assume and believe that the charterer was entitled to order goods and services for the Owner and its Vessel.

16. On October 2, 2014, the Owner's Vessel KONSTANTINOS D was in fact under the disposal of Copenship through a Time Charter with Owner when it presented itself to Plaintiff.

17. On or about October 2, 2014, Copenship Bulkers A/S appeared in possession of the Owner's Vessel and therefore appeared to Plaintiff as Owner's authorized agent who then entered into a contract with Trans-Tec to supply 900 metric tons of fuel oil and 60 metric tons of gas oil to the KONSTANTINOS D in Kavaz, Russia. A copy of the invoice is attached as Exhibit "A".

18. There was no notice given to the Plaintiff that the charterer could not bind the Owner as its apparent agent.

19. As a precondition of loading bunkers, Copenship for itself and its owner, jointly and severally agreed to be bound by the World Fuel Services Terms and Conditions entitled "The World Fuel Services Corporation Marine Group of Companies General Terms and Conditions effective April 1, 2010" (the "Terms and Conditions"). A copy of these Terms and Conditions are ttached as Exhibit "B".

20. The Terms and Conditions applied to this transaction.

21. On or about October 23, 2014, on the order of Owner's apparent agent – its charterer -- Trans-Tec caused 900 metric tons of fuel oil and 60 metric tons of gas oil to be delivered to the KONSTANTINOS D. Exhibit "A".

22. The price of the fuel and gas oil was $450,540.00 with a credit term of 30 days. *Id.*

23. As to this date, neither Copenship nor the Owner paid Trans-Tec for the fuel and gas oil delivered to the KONSTANTINOS D and remain jointly and severally liable and indebted to Trans-Tec At the time of filing bankruptcy and to this date, Copenship had not paid Trans-Tec for the fuel and gas oil delivered to the KONSTANTINOS D and was indebted to Trans-Tec in the principal amount of $545,754.12, made up of $450,540.00 in principal, $72,687.12 interest, and a 5% administrative fee of $22,527.00 pursuant to the Terms and Conditions agreed to by the parties. A true and correct copy of the Statement of Account as of July 22, 2015 is attached as Exhibit "C".

24. Having not been paid for the fuel and gas oil supplied to the vessel on the orders of Copenship, Trans-Tec filed an action for the arrest of the KONSTANTINOS

D, alleging a maritime claim and the vessel was arrested in Jorf Lasfar, Morocco on or around March 21, 2015.

25. The Record Owner of the KONSTANTINOS D, thereafter posted security in the amount of USD $509,024.00 to guarantee any final decision against Owner and/or Copenship by a court of competent jurisdiction and the vessel was subsequently released from arrest.

26. This Court has granted Final Judgment after Default already against Copenship. *See World Fuel Services Europe v. Copenship Bulkers A/S*, CASE NO: 1:15-cv-22518, [ECF No. 20].

27. Copenship has not paid, the security in Morocco has not been drawn and there is excess liability over the Vessel's security recoverable against the Owner in any instance.

28. This action is commenced because the Owner is seeking a finding of no liability in the United Kingdom against Trans-Tec; because that court is the wrong venue and for other reasons, the English court is or shall be considering a stay of the proceedings in favor of resolution here in the United States where the terms and conditions call for venue in Florida, where they call for U.S. maritime law and/or Florida law, and where the parties agreed to submit to jurisdiction and litigate.

## COUNT I – BREACH OF A MARITIME CONTRACT

29. Plaintiff hereby re-alleges and re-avers all allegations at Paragraphs 1-28 above.

30. Owner's agent was in control of the Vessel at all material times.

31. Owner's agent had the apparent authority to order the fuel from Trans-Tec.

32. Owner's agent ordered the fuel from Trans-Tec.

33. Plaintiff never received notice of any prohibition of the charterer from binding the Owner.

34. Owner's agent and Owner's Vessel received the fuel from Trans-Tec.

35. The provision of these necessaries inured to the Owner's benefit because, in part, it served the Vessel's interest and the Charter Party with the Owner.

36. Owner did not pay for the fuel from Trans-Tec.

37. Trans-Tec is damaged in the amount of $545,754.12, plus costs, interest, and attorneys' fees.

WHEREFORE, Plaintiff prays this Court will enter Final Judgment against the Defendant for Plaintiff's damages.

Dated: July 22, 2015                             Respectfully submitted,

**MOORE & COMPANY, P.A.**
*Attorneys for Plaintiff*
355 Alhambra Circle, Suite 1100
Coral Gables, Florida 33134
Tel: (786)221-0600
Fax: (786)221-0601
Email: swagner@moore-and-co.com

/s/ Scott A. Wagner
_____
Scott A. Wagner